MICHAEL BAILEY
United States Attorney
District of Arizona
GORDON DAVENPORT, III
RYAN J. ELLERSICK
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: gordon.davenport.iii@usdoj.gov
Attorneys for Plaintiff

2020 SEP 30  P 4: 29

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA

**CR20-01706 TUC-JGZ(MSA)**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Carlos Victor Passapera Pinott,<br><br>　　　　　Defendant. | **I N D I C T M E N T**<br><br>Violations:<br><br>18 U.S.C. § 371<br>(Conspiracy to Commit Bribery)<br>Count 1<br><br>18 U.S.C. § 201(b)(2)<br>(Bribery)<br>Count 2<br><br>21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Cocaine, Fentanyl, and Heroin)<br>Count 3<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II)<br>(Possession with Intent to Distribute Cocaine)<br>Count 4<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi)<br>(Possession with Intent to Distribute Fentanyl)<br>Count 5<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i)<br>(Possession with Intent to Distribute Heroin)<br>Count 6 |

8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i)
(Conspiracy to Transport Illegal Aliens for Profit)
Count 7

8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2
(Bringing in of Illegal Alien)
Count 8

18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c)
Forfeiture Allegation

**THE GRAND JURY CHARGES:**

## COUNT 1

*The Bribery Conspiracy and its Objects*

1. Beginning at a time unknown, to on or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT, a public official, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept, anything of value personally; that is, large cash payments in U.S. currency, in return for being induced to do and omit to do an act in violation of his official duties; that is, to not interdict and investigate the importation and transportation of controlled substances and illegal aliens, contrary to his official duties as a United States Border Patrol Agent, in violation of Title 18, United States Code, Section 201(b)(2)(C).

*Purpose of the Bribery Conspiracy*

2. The purpose of the conspiracy was for PASSAPERA to use his official position as a Border Patrol Agent to benefit and enrich himself through bribery.

*Manner and Means of the Bribery Conspiracy*

3. The manner and means by which PASSAPERA carried out the bribery conspiracy included, but were not limited to, the following:

a. The defendant solicited and accepted large cash payments in return for using his official position to smuggle controlled substances and illegal aliens into the United States.

b. The defendant used burner cellular telephones to coordinate the importation and transportation of controlled substances and illegal aliens.

c. The defendant transported controlled substances and illegal aliens through the Border Patrol checkpoint near Ajo, Arizona, and delivered the controlled substances and illegal aliens to various destinations in the Phoenix, Arizona area.

d. The defendant concealed his smuggling activities from his Border Patrol colleagues and other law enforcement authorities by (1) wearing his Border Patrol uniform and using a Border Patrol vehicle when retrieving controlled substances and illegal aliens from remote areas of the Arizona desert, and (2) wearing his Border Patrol uniform when smuggling the controlled substances and illegal aliens through the Border Patrol checkpoint in his personal vehicle.

*Overt Acts of the Bribery Conspiracy*

4. In furtherance of the bribery conspiracy, and to accomplish its objects, PASSAPERA committed the following overt acts, among others, in the District of Arizona and elsewhere:

a. On or about June 23, 2019, PASSAPERA exchanged messages with a co-conspirator about plans for smuggling illegal aliens.

b. On or about June 26, 2019, PASSAPERA messaged a co-conspirator photographs of a location near the international border where PASSAPERA would pick up the illegal aliens. PASSAPERA also messaged the co-conspirator a kilometer-marker identifying the location.

c. Between in or about June 2019, and in or about November 2019, PASSAPERA exchanged numerous messages with a co-conspirator discussing the smuggling of multiple illegal aliens by PASSAPERA and related bribe payments.

       d.    On or about November 20, 2019, PASSAPERA messaged a co-conspirator asking if the person with the "pills" would be ready for Sunday. On or about November 21, 2019, the co-conspirator replied that everything was ready for Sunday and it would be "20." The co-conspirator also stated that if more than "20" were added, the co-conspirator would let PASSAPERA know.

       All in violation of Title 18, United States Code, Section 371.

### COUNT 2

5.    On or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept anything of value personally; that is, $39,980 in U.S. currency, in return for being induced to do and omit to do an act in violation of his official duties; that is, to not interdict two duffel bags he knew to contain controlled substances that were illegally imported into the United States from the Republic of Mexico, contrary to his official duties as a United States Border Patrol Agent, in violation of Title 18, United States Code, Section 201(b)(2)(C).

### COUNT 3

6.    Beginning at a time unknown, to on or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to possess with intent to distribute 5 kilograms or more of cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); and 1 kilogram or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i).

      All in violation of Title 21, United States Code, Section 846.

**COUNT 4**

7. On or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

**COUNT 5**

8. On or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

**COUNT 6**

9. On or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT did knowingly and intentionally possess with intent to distribute 1 kilogram or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i).

**COUNT 7**

10. Beginning at a time unknown, to on or about August 9, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the grand jury, to transport and move illegal aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law for the purpose of commercial advantage or private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

**COUNT 8**

11. On or about May 20, 2020, in the District of Arizona, CARLOS VICTOR PASSAPERA PINOTT, knowing and in reckless disregard of the fact that a certain alien, H.N.R., had not received prior official authorization to come to, enter, and reside in the

United States, did knowingly and intentionally aid and abet said alien being brought to the United States in any manner whatsoever, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of commercial advantage and private financial gain and with the intent to violate the United States immigration laws, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

Upon conviction of Counts One and Two of this Indictment, the defendant, CARLOS VICTOR PASSAPERA PINOTT, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

Upon conviction of Counts Three through Six of this Indictment, the defendant, CARLOS VICTOR PASSAPERA PINOTT, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, all right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations.

Upon conviction of Counts Seven and Eight of this Indictment, the defendant, CARLOS VICTOR PASSAPERA PINOTT, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(6):  (a) any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense; (b) any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and (c) any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offenses.

The property to be forfeited includes, but is not limited to:

1. $311,100 in U.S. currency from Wells Fargo Bank Safe Deposit Box;

2. $39,980 in U.S. currency;

3. $330,444 in U.S. currency;

4. One 2013 Mini Cooper, VIN WMWSX3C57DT466717;

5. One diamond ring;

6. The real property known as and located at 6994 Leo Lane, Lakeside, Arizona with Navajo County Assessor's parcel number 212-71-024; and

7. A sum of money equal to the amount of proceeds obtained as a result of the offenses.

If any of the forfeitable property, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendant.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(6); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY
Date:   September 30, 2020

MICHAEL BAILEY
United States Attorney
District of Arizona

/s/

GORDON DAVENPORT, III
RYAN J. ELLERSICK
Assistant U.S. Attorneys

*United States of America v. Carlos Victor Passapera Pinott*
Indictment Page 7 of 7