Francisco León
**LAW OFFICE OF FRANCISCO LEÓN**
8987 E. Tanque Verde Rd.
Suite 309, PMB 432
Tucson, Arizona 85749-9610
Az. Bar: 006578
TEL 520-305-9170
TEL 520-465-3000
FAX 520-340-6437
azcrimlaw@gmail.com
Attorney for Passapera Pinott

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | )<br>) |
| Plaintiff, | )  **4:20-cr-01706-JGZ-MSA**<br>) |
| vs. | )  **RENEWED UNOPPOSED**<br>)  **MOTION TO CONTINUE TRIAL** |
| **Carlos Victor Passapera Pinott**, | )  **DATE AND PLEA DEADLINE**<br>) |
| Defendant. | )<br>)<br>) |

It is expected that excludable delay under 18 U.S.C. §3161 et seq. may occur because of this motion or from an order based thereon.

Defendant Carlos Victor Passapera Pinott, by and through his counsel, moves the Court to issue its order continuing the plea deadline, presently scheduled for February 25, 2022, for a period of ninety days (90) days and his trial, presently scheduled for March 15, 2022, for a period of ninety (90) days, or as soon thereafter as is convenient for the Court and parties. Defendant also requests the Court re-schedule other dates as set forth below.

This motion is made because undersigned counsel needs more time to investigate and prepare for trial. Counsel has been appointed to represent Passapera Pinott and has been able to meet with him very briefly and only a few times.

Passapera Pinott is housed in administrative segregation at the CADC-Florence and visitation arrangements are lengthy and difficult. The staff at CADC-Florence requires that visitation arrangements be made several days in advance because of the limited visitation facilities for inmates housed in administrative segregation.

In an attorney-client visit on February 18, 2022, Passapera Pinott requested additional time to review the disclosure supporting the allegations in the superseding indictment. In addition, as the allegations in the indictment charge that Passapera Pinott engaged in criminal conduct during the time he was working, Passapera Pinott has requested that counsel undersigned request production of all his work records and supporting documents during the relevant time period alleged in the indictment.

As mentioned earlier, the court has entered protective orders regarding the handling of disclosure which prohibit undersigned counsel from providing Passapera Pinott actual copies of the disclosure. Instead, counsel must be present with Passapera Pinott when reviewing the disclosure. Passapera Pinott has asked counsel to make available to him certain portions of the disclosure and this is a time-consuming endeavor. Passapera Pinott wants additional time to review the disclosure and to formulate defensive responses to the voluminous factual allegations of the superseding indictment.

The September 29, 2021, 27-page superseding indictment was filed which increased the counts charged from seven to fourteen. Doc. 53. The superseding indictment charges the following:

Counts I-III: Honest services Fraud-Bribery, a violation under 18 U.S.C. §§ 1343/1346;

   Count IV-V, Bribery, a violation under 18 U.S.C. § 201(b)(2);

   Count VI, conspiracy to possess with intent to distribute, cocaine, fentanyl, and heroin, a violation under 21 U.S.C. § 846;

   Count VII, possession with intent to distribute cocaine, a violation under 21 U.S.C. §§ 84l(a)(l) and 841 (b)(1)(A)(ii)(II);

   Count VIII, possession with intent to distribute fentanyl, a violation under 21 U.S.C. §§ 84l(a)(l) and 841 (b)(1)(A)(vi);

   Count IX, possession with intent to distribute heroin, a violation under 21 U.S.C. §§ 84l(a)(l) and 841 (b)(l)(A)(i);

   Count X, Using/carrying firearm during and in relation to drug trafficking crime, a violation under 18 U.S.C. § 924(c)(l)(A);

   Count XI, conspiracy to transport undocumented immigrants for profit, a violation under 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i);

   Count XII, bringing in an undocumented immigrant, a violation under 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2;

   Count XIII, money laundering, a violation under 18 U.S.C. § 1957;

   Count XIV, money laundering, a violation under 18 U.S.C. 1957;

   The indictment also alleges the forfeitability of certain property, a violation under 18 U.S.C. §§ 98l(a)(1)(C) and 982(a)(6); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c).

   The superseding indictment is detailed and requires much more time to review with Passapera Pinott and to investigate possible pretrial motions and for trial.

   The recent upsurge in the rate of infections from the COVID-19 pandemic has caused the District Court to continue all trials scheduled to commence January 31, 2022. General Order, 22-02. The General Order also advises parties to consider motions to continue proceedings, including trials. The

CDC Guidelines continue to advise against gatherings of large groups of persons, including groups such as jury venire panels.

The government has disclosed over 5,000 pages of disclosure as well as video and audio recordings, photographs, and other evidentiary items such as telephones and financial records.  The disclosure is voluminous and complex.

It is expected that the personnel and employment records which have been requested by Passapera Pinott will likewise be voluminous and complex.

The defendant needs more time to review the charges against Passapera Pinott, the voluminous disclosure and evidence the government proposes to use at trial and to investigate and prepare any pretrial motions.  Accordingly, defendant requests that the Court continue all the dates and deadlines scheduled above for a period of not less than 60 days.

Although there is still is a possibility this matter may be resolved with a non-trial disposition, but additional time is needed to resolve issues regarding disclosure and the Sentencing Guidelines.

Undersigned counsel has discussed these issues with the prosecutors in this case and they are aware of the problems and issues raised by the current posture of the case.

Undersigned counsel is authorized to state that AUSA Ryan Ellersick and Gordon E. Davenport, III do not object to this motion or to an order based thereon.  The prosecutors, however, would like the Court to schedule a trial date in June or July 2022 in an effort to move the case forward.  The defense does not object to this proposal so long as the defense is able to obtain the materials requested in a timely manner.

**RESPECTFULLY SUBMITTED** on this 21st day of January 2022.

**LAW OFFICE OF FRANCISCO LEÓN**
*s/Francisco León*
Francisco León

**CERTIFICATE OF SERVICE**

_X___ I hereby certify that on February 21, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Hon. Jennifer G. Zipps
United States District Judge

Hon. Maria S. Aguilera
United States Magistrate Judge

Ryan J. Ellersick
Gordon E. Davenport, III
Assistant United States Attorneys

_X___ I hereby certify that on February 21, 2022, I served the attached document by U.S. Mail on the following, who is not a registered participant in the ECF system:

Carlos Victor Passapera Pinott
Register No. 04767-509