# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | CR-20-01706-001-TUC-JGZ (MSA) |
| Carlos Victor Passapera Pinott | Robert Clay Hernandez (Retained)<br>Attorney for Defendant |

USM#: 04767-509

**THE DEFENDANT ENTERED A PLEA OF** guilty on June 23, 2023, to Count 4 and Count 6 of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THE DEFENDANT GUILTY OF THE FOLLOWING OFFENSES:**

- violating 18 U.S.C. § 201(b)(2)(C): Bribery of Public Official, a Class C felony offense, as charged in Count 4 of the Superseding Indictment; and

- violating 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(A)(ii)(II); 21 U.S.C. § 841(b)(1)(A)(vi); and 21 U.S.C. § 841(b)(1)(A)(i): Conspiracy to Possess with Intent to Distribute Cocaine, Fentanyl, and Heroin, a Class A felony offense, as charged in Count 6 of the Superseding Indictment.

**IT IS THE JUDGMENT OF THE COURT** the defendant be committed to the custody of the Bureau of Prisons for a term of **ONE HUNDRED AND EIGHTY (180) MONTHS** on Count 4 of the Superseding Indictment and **TWO HUNDRED AND SIXTEEN (216) MONTHS** on Count 6 of the Superseding Indictment with both counts to run concurrently. The defendant will receive credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Count 4 of the Superseding Indictment and **FIVE (5) YEARS** on Count 6 of the Superseding Indictment with the terms to run concurrently.

**IT IS ORDERED DISMISSING** the remaining counts in the Superseding Indictment on motion of the government.

**IT IS FURTHER ORDERED DISMISSING** the forfeiture allegation on motion of the government.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $200.00      **FINE:** $3,400.00      **RESTITUTION:** N/A

The defendant shall pay a special assessment of $100.00 which shall be due immediately.

The defendant shall pay a fine of $3,400.00.

If incarcerated, payment of criminal monetary penalties is due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $200.00 shall be paid pursuant to 18 U.S.C. § 3013 for Count 4 and Count 6 of the Superseding Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

**IT IS ORDERED** while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision adopted by this Court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. **The Mandatory Drug Testing Provision is suspended.** Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1)      You must not commit another federal, state, or local crime.

2)      You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.

3)      You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

CR-20-01706-001-TUC-JGZ (MSA)                                            Page 3 of 5
USA vs. Carlos Victor Passapera Pinott

## STANDARD CONDITIONS

1)   You must report to the probation office in the federal judicial district where you are authorized to
reside within 72 hours of sentencing or your release from imprisonment, unless the probation
officer instructs you to report to a different probation office or within a different time frame.

2)   After initially reporting to the probation office, you will receive instructions from the court or the
probation officer about how and when you must report to the probation officer, and you must
report to the probation officer as instructed.

3)   You must not knowingly leave the federal judicial district where you are authorized to reside
without first getting permission from the court or the probation officer.

4)   You must answer truthfully the questions asked by your probation officer.

5)   You must live at a place approved by the probation officer. If you plan to change where you live
or anything about your living arrangements (such as the people you live with), you must notify
the probation officer at least 10 days before the change. If notifying the probation officer in
advance is not possible due to unanticipated circumstances, you must notify the probation officer
within 72 hours of becoming aware of a change or expected change.

6)   You must allow the probation officer to visit you at any time at your home or elsewhere, and you
must permit the probation officer to take any items prohibited by the conditions of your
supervision that he or she observes in plain view.

7)   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the
probation officer excuses you from doing so. If you do not have full-time employment you must
try to find full-time employment, unless the probation officer excuses you from doing so. If you
plan to change where you work or anything about your work (such as your position or your job
responsibilities), you must notify the probation officer at least 10 days before the change. If
notifying the probation officer at least 10 days in advance is not possible due to unanticipated
circumstances, you must notify the probation officer within 72 hours of becoming aware of a
change or expected change.

8)   You must not communicate or interact with someone you know is engaged in criminal activity. If
you know someone has been convicted of a felony, you must not knowingly communicate or
interact with that person without first getting the permission of the probation officer.

9)   If you are arrested or questioned by a law enforcement officer, you must notify the probation
officer within 72 hours.

10)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or
dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of
causing bodily injury or death to another person such as nunchakus or tasers).

CR-20-01706-001-TUC-JGZ (MSA)                                                    Page 4 of 5
USA vs. Carlos Victor Passapera Pinott

11)    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12)    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13)    You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard conditions:

1)    You must submit your person, property, house, residence, vehicle, papers, or office to searches to be conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2)    You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3)    You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

4)    You must cooperate in the collection of DNA as directed by the probation officer.

The Court may change the conditions of supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of supervised release.  The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of supervised release.

CR-20-01706-001-TUC-JGZ (MSA)                                                          Page 5 of 5
USA vs. Carlos Victor Passapera Pinott

**THE COURT FINDS** you have been sentenced in accordance with the terms of the plea agreement and have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court **ORDERS** commitment to the custody of the Bureau of Prisons.

Date of Imposition of Sentence: **April 5, 2024**

Dated this 8th day of April, 2024.


_____
Jennifer G. Zipps
United States District Judge


**RETURN**

I have executed this Judgment as follows: _____

defendant delivered on _____ to _____ at _____ , the institution

designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

_____        By: _____
United States Marshal                                                Deputy Marshal